UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLEJA A. ROYAL,<br><br>                Plaintiff,<br><br>    v.<br><br>C. ROBERTO, et al.,<br><br>                Defendants. | Case No. 3:25-cv-00100-MMD-CSD<br><br>ORDER |

## I. DISCUSSION

On October 10, 2025, the Court issued a screening order dismissing some claims with leave to amend and some without and permitted some claims to proceed. (ECF No. 5 at 13-14). The Court granted Plaintiff until November 9, 2025, to file an amended complaint curing the deficiencies of the complaint. (*Id.* at 14). The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on (a) the Fourteenth Amendment due process disciplinary hearing claim against Defendants Roberto, Malewski, and Hermann; (b) the Fourteenth Amendment due process administrative segregation claim against Defendants Roberto, Wagner, Malewski, Hermann, and Captain John Doe when Plaintiff learns his identity; and (c) the Fourteenth Amendment conditions of confinement claim against Defendants Mendoza, Hermann, and Wagner. (*Id.*) Plaintiff has not filed an amended complaint. Pursuant to the screening order, this action will proceed on (a) the Fourteenth Amendment due process disciplinary hearing claim against Defendants Roberto, Malewski, and Hermann; (b) the Fourteenth Amendment due process administrative segregation claim against Defendants Roberto, Wagner, Malewski, Hermann, and Captain John Doe when Plaintiff learns his identity; and (c) the Fourteenth Amendment conditions of confinement claim against Defendants Mendoza, Hermann, and Wagner.

## II. CONCLUSION

For the foregoing reasons, it is ordered that, pursuant to the Court's screening

order (ECF No. 5), this action will proceed on (a) the Fourteenth Amendment due process disciplinary hearing claim against Defendants Roberto, Malewski, and Hermann; (b) the Fourteenth Amendment due process administrative segregation claim against Defendants Roberto, Wagner, Malewski, Hermann, and Captain John Doe when Plaintiff learns his identity; and (c) the Fourteenth Amendment conditions of confinement claim against Defendants Mendoza, Hermann, and Wagner.

It is further ordered that the Clerk of Court **will issue** summonses for Defendants C. Roberto, J. Malewski, B. Hermann, C. Wagner, and Mendoza, **and deliver the same**, to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint (ECF No. 6) and this order to the U.S. Marshal for service on Defendants.

It is further ordered that the Clerk **will send** to Plaintiff **five (5)** USM-285 forms. Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form.

It is further ordered that within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant, then a motion must be filed with the Court identifying the unserved Defendants and specifying a more detailed name and/or address for said Defendants, or whether some other manner of service should be attempted.

It is further ordered that Plaintiff will serve upon Defendants or, if an appearance has been entered by counsel, upon their attorneys, a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has

entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED: November 14, 2025.

_____
United States Magistrate Judge